IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RODNEY DOMBROWSKI          :     CIVIL ACTION
                           :     NO. 20-1606
            v.             :
                           :
KILOLO KIJAKAZI,           :
Acting Commissioner        :
of Social Security         :

## <u>O R D E R</u>

**AND NOW**, this **22nd** day of **November, 2021**, it is hereby

**ORDERED** that:

(1)  Plaintiff's objections (ECF No. 24) are

**OVERRULED;**[1]

---

[1]        The Court has carefully considered Plaintiff's objections to Magistrate Judge Lynne Sitarski's Report and Recommendation ("R&R"), as well as the record and the parties' briefs. There is no need to repeat the history or facts of the case as Judge Sitarski's R&R adequately relays that information.

The Court concludes that Judge Sitarski has correctly and sufficiently addressed Plaintiff's arguments and, thus, adopts her R&R. However, the Court will address the five issues raised in Plaintiff's objections de novo. <u>Cont'l Cas. Co. v. Dominick D'Andrea, Inc.</u>, 150 F.3d 245, 250 (3d Cir. 1998).

1.  Plaintiff first argues that the ALJ did not sufficiently explain her finding that Plaintiff did not meet or equal listing 1.04, regarding spine disorders. Specifically, Plaintiff contends that the ALJ's analysis consists of conclusory assertions. Judge Sitarski found that, read as a whole, the ALJ's opinion provided sufficient supportive evidence for her conclusion. R&R at 12 (citing <u>Jones v. Barnhart</u>, 364 F.3d 501, 505 (3d Cir. 2004)). The Court agrees with Judge Sitarski's assessment. Plaintiff takes specific issue with Judge Sitarski's finding that the ALJ's conclusion, that there was no evidence of nerve root compression accompanied by sensory or reflex loss (a requirement under listing 1.04), was supported by

substantial evidence since there are several records indicating that Plaintiff exhibited depressed reflexes. However, while there is evidence of such reflex loss, Plaintiff points to no direct evidence of nerve root compression. And as discussed by Judge Sitarski, other evidence supported the ALJ's finding of a lack of nerve root compression.

Plaintiff also accuses Judge Sitarski of "cherry-picking" medical findings that support the ALJ's conclusion. The Court disagrees. While the Court reviews de novo the objected-to portions of the R&R, its review of the ALJ's underlying decision is "limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's finding of fact." Schwartz v. Halter, 134 F. Supp. 2d 640, 647 (E.D. Pa. 2001) (citing 42 U.S.C. § 405(g) & Schaudeck v. Comm'r of Soc. Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999)). As long as the ALJ has not misapplied the law and substantial evidence supports the ALJ's decision (simply meaning enough "evidence as a reasonable mind might accept as adequate to support a conclusion"), the Court must affirm the ALJ's decision. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)). The Court agrees that some of the medical evidence may support Plaintiff's claim. However, substantial evidence supports the ALJ's determination, as discussed by Judge Sitarski. Therefore, the Court must affirm the ALJ's decision that Plaintiff's impairments did not meet or equal listing 1.04.

Likewise, the Court agrees with Judge Sitarski that the ALJ's decision sufficiently indicates that she considered Plaintiff's impairments both individually and in combination since: (1) the ALJ stated several times that she did so; (2) her analysis discusses in general what symptoms would support the listings at issue; and (3) the ALJ explicitly discussed Plaintiff's obesity in conjunction with, inter alia musculoskeletal listings. See R. 21.

2.    Plaintiff next argues that the ALJ erroneously failed to recognize his neck impairment and its alleged limitations on his ability to reach when assessing Plaintiff's residual functional capacity ("RFC"). Judge Sitarski has adequately addressed this argument, including: (1) noting that Plaintiff did not complain of neck issues in his application or before the

ALJ; (2) that Plaintiff failed to support the alleged connection
between neck pain and a reaching limitation; and (3) that the
ALJ supported her assessment with substantial evidence. R&R at
14-16.

Plaintiff suggests that Judge Sitarski violated the
Chenery Doctrine by providing some explanation for why the ALJ
was justified in not discussing or finding a neck impairment. A
court must not create post-hac reasons to support an ALJ's
findings. Instead, "[t]he grounds upon which an administrative
order must be judged are those upon which the record discloses
the action was based." Securities and Exchange Commission v.
Chenery Corp., 318 U.S. 80, 87 (1943). Here, however, Judge
Sitarski did not attempt to impermissibly bolster a finding of
the ALJ but instead explained why it was reasonable for the ALJ
not to make a finding. The ALJ necessarily provided no reasoning
for not making a finding.

3.     Third, Plaintiff contends that the ALJ erred in
discounting the opinion of treating physician Nirav Shah, M.D.
regarding Plaintiff's sitting, standing, and reaching
limitations. Judge Sitarski has adequately addressed this
argument and the Court agrees with her assessment. R&R at 18-21.
Essentially, Plaintiff offers a different interpretation of the
evidence, but the factual findings of the ALJ are nonetheless
supported by substantial evidence. Plaintiff also contends that
that the ALJ substituted her own lay opinion for that of the
treating physician. The Court disagrees. The ALJ has a duty to
weigh a physician's assessment against the medical record.
Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). As discussed
by Judge Sitarski, the ALJ provided reasons for her assessment
that were supported by substantial evidence and not by mere lay
opinion.

4.     Fourth, Plaintiff argues that the ALJ improperly
discounted the credibility of his testimony without an adequate
explanation. Plaintiff attacks several of the reasons given by
the ALJ for her credibility assessment.

Plaintiff, citing 20 C.F.R. § 404.1529(c), contends
that it was improper for the ALJ to consider that there was
"little diagnostic evidence to support the severity of"
Plaintiff's claims. R. 24. However, section 404.1529(c) merely
provides that "we will not reject your statements about the

intensity and persistence of your pain . . . solely because the available objective medical evidence does not substantiate your statements." 20 C.F.R. § 404.1529(c). In that this was one of several stated reasons that supported the ALJ's credibility determination, the ALJ did not err. Likewise, citing <u>Sykes v. Apfel</u>, Plaintiff contends that it was impermissible for the ALJ to rely on her conclusion that Plaintiff's treatment was "conservative in nature." R. 24. However, similar to section 404.1529(c), <u>Sykes</u> merely explains that an ALJ cannot rely on conservative treatment alone when assessing a claimant's pain. 228 F.3d 259, 266, n.9 (3d Cir. 2000).

Plaintiff also contends that the ALJ failed to explain why she believed Plaintiff's activities of daily living, including the ability to "do laundry, vacuum, drive, shop in stores, and attend sporting events" were "somewhat inconsistent" with his alleged pain. R. 24. Prior to reaching this conclusion, the ALJ detailed Plaintiff's testimony as well as the medical evidence. This discussion provides sufficient explanation for the ALJ's conclusion that Plaintiff's ability to perform these activities was somewhat inconsistent with the level of pain and limitation alleged. In sum, and as discussed by Judge Sitarski, Plaintiff disagrees with how the ALJ weighed the evidence. However, the ALJ's decision shows that it was supported by substantial evidence and, thus, the Court must affirm this finding even if another rational individual could have found in Plaintiff's favor. <u>Simmonds v. Heckler</u>, 807 F.2d 54, 58 (3d Cir. 1986).

5.   Finally, Plaintiff contends that the ALJ misapplied the medical vocational rules when concluding that Plaintiff could perform light work rather than limiting him to sedentary work. Specifically, Plaintiff alleges that the ALJ's standing and sitting limitations in the RFC indicate that Plaintiff's exertional capacity for light work is "significantly reduced" (and, thus, Plaintiff would be limited to sedentary work and would be disabled) rather than landing "somewhere 'in the middle'" of the exertional capacity requirements of light and sedentary work (in which case the ALJ employs a vocational expert to aid in determining the erosion of the occupational bases, which is what occurred in this case). SSR 83-12. Relatedly, Plaintiff takes issue with Judge Sitarski's conclusion that the sit/stand option in the RFC "essentially

(2)   The Court **APPROVES** and **ADOPTS** Magistrate Judge Lynne Sitarski's Report and Recommendation (ECF No. 23);

(3)   Plaintiff's request for review (ECF No. 13) is **DENIED**; and

(4)   The Clerk of Court shall mark this case as **CLOSED**.

**AND IT IS SO ORDERED.**

/s/ *Eduardo C. Robreno*
**EDUARDO C. ROBRENO,   J.**

---

limits Plaintiff to standing or walking for four hours out of an eight-hour workday," which she found to be "far more than the merely 'occasional' standing which defines sedentary work." R&R at 25-26 (citing 20 C.F.R. § 404.1567(a)); see SSR 83-10 (defining "occasionally" as "up to one-third of the time"). Plaintiff contends, without support, that standing four hours per day could be considered "occasionally" despite the term's definition in SSR 83-10. Judge Sitarski adequately explored Plaintiff's contentions and the Court agrees with her rejection of them. R. 24-26. The Court concludes that the ALJ properly applied the medical vocational rules in determining that the testimony of a vocational expert was warranted since Plaintiff's RFC assessment fell "somewhere 'in the middle'" of the light and sedentary occupational bases. Plaintiff has not shown that the sit/stand restriction so eroded the occupational bases that, as a matter of law, Plaintiff would only be capable of some sedentary work, rendering him disabled.

Because the ALJ did not commit a reversible error and her decision is supported by substantial evidence, Plaintiff's objections must be overruled, the R&R adopted, and the ALJ's decision affirmed.